## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

| | |
|---|---|
| **CANDACE BERRY,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:21-CV-99-RGJ |
| | ) |
| **REYNOLDS MANUFACTURING, INC., et al.,** | ) |
| | ) |
| | ) |
| **DEFENDANTS.** | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Reynolds Manufacturing, Inc. ("Reynolds") and Richard Beckmann ("Beckmann") (collectively, "Defendants"), by counsel, hereby file this Notice of Removal to the United States District Court for the Western District of Kentucky, at Louisville, and state as follows:

1. On February 2, 2021, Plaintiff Candace Berry ("Plaintiff") filed a Complaint in Jefferson Circuit Court, Division Three, Jefferson County, Kentucky, styled *Candace Berry v. Reynolds Manufacturing, Inc., et al.*, Case No. 21-CI-000745. Copies of all process, pleadings, and orders that have been filed in the Jefferson Circuit Court are attached hereto as **Exhibit A**.

2. As grounds for removal, Defendants state that this Court has original diversity jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs, and the only properly named and aligned Defendant Reynolds is now, and was at the time this action was filed, of different citizenship

from the properly named and aligned Plaintiff, and is not a resident of the Commonwealth of Kentucky. This action is between citizens of different states for the reasons outlined below.

3. The proper party and sole Plaintiff to this action is Candace Berry, an individual and citizen of the Commonwealth of Kentucky. (Compl., ¶ 1).

4. As far as removal is concerned, Reynolds is the only proper Defendant to this action. Reynolds is not a citizen of Kentucky for purposes of 28 U.S.C. §§ 1332 & 1441. (Compl., ¶ 2). Thus, complete diversity exists between the properly named and aligned parties.

5. Beckmann is also a named defendant in this action. Apart from including Beckmann's name in the caption and mentioning him in Paragraph 6 of the Complaint, Plaintiff fails to alleges any facts about Beckmann's citizenship. (Compl., ¶ 6). Regardless, pursuant to the doctrine of fraudulent joinder, Beckmann should be dismissed from this action.

6. Fraudulent joinder is "a judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). The Sixth Circuit has held that the doctrine of fraudulent joinder is implicated in three situations: (1) where there is no colorable basis for a claim against the non-diverse defendant; (2) when a plaintiff engages in outright fraud in pleading jurisdiction allegations; or (3) when a plaintiff joins a defendant who does not share joint, several, or alternative liability with a diverse defendant, nor a nexus of connectivity between the claims. *See Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546, 548 (E.D. Ky. 2001) (citing *Jerome-Duncan, Inc. v. Auto-by-Tel, LLC*, 176 F.3d 904 (6th Cir. 1999)).

7. Beckmann has been fraudulently joined because Plaintiff cannot assert a colorable claim against him. Plaintiff seeks to hold Defendants liable because she was allegedly discriminated against due to her race, subjected to a hostile work environment, and retaliated against by not being chosen for a promotion. (Compl., ¶¶ 4-11). In order to evade removal to this Court, Plaintiff fraudulently joined Beckmann, a Reynolds employee. The **_only_** relationship between Beckmann and this cause of action is that Beckmann is Plaintiff's supervisor.

8. Plaintiff brings forth this action pursuant to the Kentucky Civil Rights Act ("KCRA"), KRS 344.040., *et seq.* The KCRA makes clear that only one's *employer* may be liable under the Act. *See B.L. v. Schuhmann*, 380 F.Supp.3d 614, 647 (W.D. Ky. 2019) (KRS 344.040 "affords protection from discrimination only to those in an employer-employee relationship.") (quoting *Brooks v. Lexington-Fayette Urban Cty. Housing Auth.*, 132 S.W.3d 790, 811 (Ky. 2004) (Keller, J., concurring)). Since Beckmann is not Plaintiff's employer, Beckmann cannot be held liable under the KCRA. *See* KRS 344.030(2) (defining covered "employers" as "a person who has eight (8) or more employees within the state."). *See also Roof v. Bel Brands USA, Inc.*, 641 F. App'x. 492 (6th Cir. 2016).

9. In *Roof v. Bel Brands USA, Inc.*, the plaintiff brought suit against her employer and supply chain manager after she was passed over for a promotion her supply chain manager encouraged her to apply for. Plaintiff appealed the district court's dismissal of her motion to remand. In determining whether the district court properly denied her motion, the court affirmed the ruling "because individual employees cannot be held liable under the KCRA." *Id.* at 496. Further, the plaintiff claimed that the defendants retaliated against her after she complained that a co-worker harassed her. While individual employees may be held

liable under KCRA, the plaintiff must have been engaged in protected activity. The court found that plaintiff's complaints to her supply chain manager did not rise to the level of protected activity, thus solidifying the fraudulent joinder. *Id. Roof* mirrors Plaintiff's case. Since Beckmann is Plaintiff's supervisor, Plaintiff cannot sustain a claim under the KCRA against him. Further, Plaintiff does not assert any retaliation arguments against Beckmann, underscoring the improper joinder.

10. Aside from asserting that Beckmann passed her over for a promotion, Plaintiff fails to support her discrimination and retaliation claims with any facts specific to Beckmann. There are no allegations of actions or omissions to act attributable to Beckmann as her supervisor. *See Salisbury*, 166 F. Supp. 2d at 549 ("Ordinarily, the question of fraudulent joinder would require that the Court inspect each of plaintiffs' theories of relief, determining under each count whether plaintiffs state a colorable cause of action under state law. In the context of the instant suit, however, this is unnecessary, as plaintiffs' complaint—at least with respect to the (non-diverse) pharmacy defendants—suffers from a fatal flaw. That flaw is the omission of any averment to the effect that defendant pharmacies sold or supplied OxyContin *to plaintiffs.*") (emphasis in original).

11. Without a colorable claim to assert against Beckmann, his joinder is improper and "the Court may therefore ignore [his] citizenship for purposes of its diversity analysis." *Higgs v. Golden Gate Nat'l Senior Care, LLC, et al.*, Civil Action No. 3:17-cv-00192-CRS, 2017 WL 3485048, *3 (W.D. Ky. Aug. 14, 2017); s*ee Christensen v. ATS, Inc.*, 24 F. Supp. 3d 610, 613 (E.D. Ky. 2014) ("Under the doctrine of fraudulent joinder, federal courts may sever a non-diverse defendant from the case if the claim against him is so frivolous that its only conceivable purpose is to destroy diversity and prevent removal.")

12. Defendants did not have to request consent for removal from Beckmann. 28 U.S.C. § 1446(b)(2) "requires the consent of *properly* joined defendants; the consent of a defendant that has been *fraudulently* joined is not necessary." *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015) (citation omitted) (emphasis in original). Because there is no colorable cause of action against Beckmann, his consent is not required for removal. *See id.* However, Beckmann does consent to this removal.

13. The Complaint does not state a specific amount as to the total damages claimed. For purposes of removal only,[1] the amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs, based upon Plaintiff's aggregated claims and alleged damages, which include compensatory and punitive damages, as well as attorney's fees. (Compl., p. 3). Specifically, Plaintiff seeks "[c]ompensatory damages including but not limited to past and future lost wages and past and future lost benefits;" "[c]ompensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;" in addition to punitive damages, attorney's fees, her costs expended herein, and statutory interest on all damage awards, verdicts, or judgments. (*Id.*)

14. The Civil Summons and Complaint was received by Defendants on or about February 8, 2021. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been filed within thirty (30) days of receipt of the initial pleading through service, and therefore, this civil action is timely removed. Plaintiff is estopped from seeking remand of this matter on this basis.

---

[1] Defendants dispute Plaintiff's claim for damages.

15. Accordingly, this civil action is properly subject to removal and hereby is removed to the United States District Court for the Western District of Kentucky, at Louisville, pursuant to 28 U.S.C. §§ 1441 and 1446.

16. Defendant will provide Plaintiff with a copy of this Notice of Removal and file a Notice of Filing Notice of Removal with the Clerk for the Jefferson Circuit Court.

17. This Notice of Removal is signed by counsel for and on behalf of Defendant pursuant to Rule 11 of the Federal Rules of Civil Procedure.

18. Defendant reserves the right to object and assert affirmative defenses, including, but not limited to, lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process.

**WHEREFORE**, Defendant hereby gives notice of this removal from the Jefferson Circuit Court to the United States District Court for the Western District of Kentucky, at Louisville, pursuant to 28 U.S.C. § 1441(a).

Respectfully submitted,

*/s/   Marianna J. Michael*
C. Tyson Gorman
Jordan M. White
Marianna J. Michael
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, KY  40202
Tel.: 502.589.5235
Fax: 502.589.0309
E-mail: tgorman@wyattfirm.com
E-mail: jwhite@wyattfirm.com
E-mail: mjmichael@wyattfirm.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this the 17th day of February, 2021 I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record. I further certify that on this same day, I sent a copy of the foregoing via U.S. mail to the following:

Kurt A. Scharfenberger
9000 Wessex Place, Suite 204
Louisville, Kentucky 40222
Tel: 502.561.0777
Fax: 502.236.0888
Kurt@Scharfenberger-law.com

                                                         */s/  Marianna J. Michael*
                                                         Marianna J. Michael